**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PEGGY L. GOEKE, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 4:26-CV-00424-CMS** |
| | ) | |
| **SHIRLEY MAY DODSON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Before the Court is the Motion to Dismiss Counts 1, 3, and 5 of Plaintiffs First Amended Complaint by Defendant Public Water Supply District No. 2 St. Charles County, Missouri ("PWS"). (Doc. 3). Also before the Court are Defendant Shirley May Dodson's two Motions to Dismiss Plaintiffs' First Amended Petition, or in the Alternative, for More Definite Statement and to Strike. (Docs. 18, 27). For the reasons set forth below, PWS's Motion to Dismiss Counts 1, 3, and 5 is **GRANTED** as to PWS; and Defendant Dodson's Motions to Dismiss, or in the Alternative, for More Definite Statement and to Strike are **GRANTED** in part and **DENIED** in part.

**BACKGROUND**

*Factual Background*

The factual allegations in the First Amended Petition are as follows. Plaintiffs Peggy and Greg Goeke ("the Goekes" or "Plaintiffs") have owned a small farm in Warren County, Missouri since 1996. (Doc. 16 at 1). This farm has had a fence along the eastern edge of

the property since before the Goekes purchased it. (Doc. 16 at 2). This fence has served as the property boundary line since before 1996. (Doc. 16 at 7).

Defendants America's Heartland Packing and American Foods Development are divisions of Defendant American Foods Group (collectively "Plant Defendants"). (Doc. 16 at 2). Plant Defendants operate a meat packing plant on property adjoining the Goekes' farm. (Doc. 16 at 2). Plant Defendants entered into a contract for a new sewer line with Defendant PWS. (Doc. 16 at 3). This contract contains an indemnity provision whereby Plant Defendants agreed to indemnify PWS for any liability relating to the new sewer line. (Doc. 16 at 3, Ex. 5).

To meet the sewer needs of Plant Defendants, an agent of PWS or Plant Defendants sought to purchase an easement from the Goekes to run a sewer line along the eastern edge of the Goekes' property. (Doc. 16 at 4). The Goekes rejected the agent's offer. (Doc. 16 at 4–5).

Later, Plant Defendants learned by survey that the land along the eastern edge of the Goekes' property belonged to Defendant Shirley May Dodson. (Doc. 16 at 5, 7). Plant Defendants and PWS obtained an easement from Dodson and began construction on the new sewer line without first notifying the Goekes. (Doc. 16 at 5, 7). The construction resulted in the tearing up of ground, destruction of trees, and destruction of fence all on what the Goekes believed to be their property, as they were previously unaware of the surveyed boundary. (Doc. 16 at 5). The Goekes were then notified that the survey placed the edge of their land to the west of where their fence line was, and that the fence line and trees were supposedly on Dodson's property. (Doc. 16 at 5). This 10- to 20-foot strip of

land between where the survey places the boundary and the fence line is the "disputed property." (Doc. 16 at 6–8).

The Goekes used the disputed property as part of their horse pasture for nearly 30 years. (Doc. 16 at 10). The Goekes claimed ownership of the disputed property that entire time and maintained the disputed property as their own. (Doc. 16 at 10). The Goekes claim that the disputed property is theirs by deed, or in the alternative, through adverse possession. (Doc. 16 at 10–12).

After the sewer line had been fully installed on the disputed property, the sewer line failed, causing sewage to flood the Goekes' property and the disputed property. (Doc. 16 at 9). This failure was not properly remediated. (Doc. 16 at 9). There is, or was, a "foul smell" on the property from the sewer line. (Doc. 16 at 17).

*Procedural History*

In their First Amended Petition, the Goekes bring five counts against all five remaining Defendants.[1]

Count I, Common Law Trespass, alleges that Dodson gave permission for PWS and the Plant Defendants to enter and destroy a piece of Goekes' property. (Doc. 16 at 12). The Goekes claim that PWS's easement is invalid, and the sewer pipes constitute an ongoing trespass that was wrongfully authorized by Dodson. (Doc. 16 at 12–13). In this count, the First Amended Petition presents a litany of requested relief, some of which originates from Missouri statute, not from common law. (Doc. 16 at 13).

---

[1] Plaintiffs previously settled Count VI against Defendant Bax Engineering Company and stipulated to the dismissal of that count. (Docs. 30 at 3; 34).

Count II, Unconstitutional Taking, alleges that all Defendants were involved in wrongfully taking and damaging the Goekes' property in violation of the Fifth Amendment's Takings Clause and the Missouri Constitution. (Doc. 16 at 14). The Goekes claim that even the non-government Defendants were part of a conspiracy to take and injure the Goekes' property. (Doc. 16 at 14).

Count III, Statutory Trespass, alleges that all Defendants acted in concert to injure the Goekes' property and realleges the same facts as Count I for trespass. (Doc. 16 at 14).

Count IV, Quiet Title and Declaratory Judgment, asks the Court to declare the Goekes the owners of the disputed property either by deed or adverse possession. (Doc. 16 at 15).

Count V, Nuisance, alleges that all the previously alleged actions constitute a nuisance through a conspiracy to take and injure the Goekes' property. (Doc. 16 at 16). Here, the Goekes specifically reference the foul smell from the sewer line. (Doc. 16 at 17). In the alternative, the Goekes argue that Defendants' use of the disputed property was unreasonable. (Doc. 16 at 16). The Goekes again request certain statutory damages as well as an injunction for removal of the sewer lines and remediation of the damage from the spill. (Doc. 16 at 16–17).

Defendant PWS moves this Court to dismiss Counts I, III, and V as to PWS for failure to state a claim due to sovereign immunity, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc.3).

Defendant Dodson also moves to dismiss all counts as to her for failure to state a claim pursuant to Rule 12(b)(6). In the alternative, she moves for a more definite statement

or to strike certain portions of some counts and all non-available remedies. (Docs. 18, 27). This Court will address both of Dodson's motions together as they make the same arguments.

**LEGAL STANDARDS**

For a complaint to survive a Rule 12(b)(6) motion, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009) ("*Iqbal*") (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010). The facts in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678).

On a motion to dismiss for failure to state a claim, the Court "'must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiffs.'" *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008) (quoting *Burton v. Richmond*, 276 F.3d 973, 975 (8th Cir. 2002)). But the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

### I. PWS's motion will be granted because it is immune from suit based on tort liability.

Plaintiffs allege that Defendant PWS waived sovereign immunity by including an indemnity provision in its contract with Plant Defendants. (Doc. 29 at 4). But Plaintiffs have failed to meet their burden of establishing that an indemnity provision is an insurance purchase that waives sovereign immunity.

"Government entities are protected from tort liability by sovereign immunity." *Benson v. Kansas City, Bd. of Police Comm'rs*, 366 S.W.3d 120, 124 (Mo. Ct. App. 2012) (citing *Davis v. Lambert–St. Louis Int'l Airport,* 193 S.W.3d 760, 764 (Mo. banc 2006)). A public water supply district is a government entity of the kind protected by sovereign immunity. *Larison v. Public Water Supply Dist. 1*, 998 S.W.2d 192, 195 (Mo. App. W.D. 1999) (citing §§ 247.020, 537.600 RSMo.). While purchasing an insurance policy waives sovereign immunity, no court has ever held that an indemnity provision is equivalent to an insurance policy. § 537.610 RSMo.;[2] *see Holiday Inns, Inc. v. Thirteen-Fifty Inv. Co.*, 714 S.W.2d 597, 602 (Mo. Ct. App. 1986) ("Contracts of indemnity are not synonymous with contracts of insurance."). Sovereign immunity waivers are to be strictly construed. *Richardson v. State Highway & Transp. Comm'n*, 863 S.W.2d 876, 882 (Mo. 1993).

[2] In fact, after the Goekes brought this action, the Missouri General Assembly amended Section 537.610 to make clear that "indirect action[s] by contract" are not a part of the sovereign immunity waiver contemplated by the statute. § 537.610 RSMo. (effective Aug. 28, 2026).

To put it bluntly, Plaintiffs' position would drastically narrow the doctrine of sovereign immunity in Missouri. Even Plaintiffs concede that the general rule is that PWS has sovereign immunity for the types of claims brought in Counts I, III, and V. *See* (Doc. 29 at 4). And Plaintiffs offer no legal authority for the proposition that an indemnity provision in a larger contract is an insurance policy within the meaning of Section 537.610. Rather, Plaintiffs' position is directly contrary to that of the Missouri Court of Appeals and the plain text of Section 537.610.

Therefore, Defendant PWS is entitled to sovereign immunity, and Plaintiffs have failed to state a claim on which relief can be granted against Defendant PWS in Counts I, III, and V.

## II. Dodson's motions will be granted in part and denied in part.

### A. Count I, Common Law Trespass will be stricken in part.

Regarding Count I, the Court orders that all references to the trespass statute and all statutory remedies be stricken from that count. This Court has the authority to order any redundant or immaterial matters struck from a pleading. Fed. R. Civ. P. 12(f). Common law trespass in Missouri is distinct from statutory trespass. *See Hale v. Warren*, 236 S.W.3d 687, 695 (Mo. App. S.D. 2007). Common law trespass requires only authorization of a trespass, not actual entry. *E.g., Holliday v. Jackson*, 21 Mo. App. 660, 665 (1886).

Count I of the First Amended Complaint is labeled Common Law Trespass. (Doc. 16 at 11). The Count makes allegations consistent with common law trespass, such as that Dodson aided in the trespass. (Doc. 16 at 11). Dodson even concedes that a claim for common law trespass is reasonable on these allegations. (Doc. 33 at 2).

But Count I also refers to § 537.340 RSMo., Missouri's statutory trespass statute. (Doc. 16 at 11, 13). These references include requests for remedies that are only permissible under statutory trespass, not common law trespass. (Doc. 16 at 13); *see Hale*, 236 S.W.3d at 695. These references are improper and confusing here, particularly considering that Plaintiff separately alleges Statutory Trespass in Count III. (Doc. 16 at 14).

Plaintiff has plausibly alleged that Dodson committed common law trespass by alleging that Dodson authorized PWS's physical entry onto the Goekes' property through the easement. (Doc. 16 at 11). But Plaintiff cannot request statutory damages based on a common law trespass.

Therefore, Dodson's motion to strike is granted in part. All references to Section 537.340 and statutory damages shall be stricken from Count I; only those references to common law trespass shall remain.

**B. Count II, Unconstitutional Taking, will be dismissed as to Dodson.**

Plaintiffs have failed to state a claim on which relief can be granted against Dodson in Count II because Dodson is a private individual. Generally, private parties cannot be held liable for unconstitutional takings unless they are so entwined with a government agency as to be considered a government agent. *Clay v. Missouri Highway & Transp. Comm'n*, 951 S.W.2d 617, 627 (Mo. Ct. App. 1997). Merely entering a contract with a government entity is insufficient to form an exception to the general rule. *Id.*

Dodson is inarguably a private party who entered a contract with a government entity. No facts have been alleged that could establish that Dodson somehow acted as a

government agent. Without these facts, Plaintiffs cannot establish a cause of action for unconstitutional taking against Dodson.

Plaintiffs rely on authority that, when the government empowers an individual to act, the individual can be liable as a state actor. (Doc. 30 at 8) (citing *Ross v. Ford Motor Credit Co.*, 867 S.W.2d 546, 550–51 (Mo. App. 1993)). But Plaintiffs get their own case exactly backwards. Here, Dodson allegedly empowered the state to act on the disputed land through a contract; the state did not empower Dodson to seize or damage any property.

Therefore, Count II will be dismissed as to only Defendant Dodson.

**C. Count III, Statutory Trespass, will be dismissed as to Dodson.**

Plaintiffs have failed to state a claim on which relief can be granted against Dodson as to Count III because they do not allege that Dodson entered their property.

In Missouri, to be liable for statutory trespass, a tortfeasor must have intentionally committed the act that resulted in damage, the trespass. *Cover v. Phillips Pipe Line Co.*, 454 S.W.2d 507, 512-513 (Mo. 1970). This requirement distinguishes statutory trespass from common law trespass.

While Plaintiffs broadly assert that all Defendants jointly committed the actions, (Doc. 16 at 14), their factual allegations refer only to the physical invasion by other Defendants, not Dodson herself. *E.g.* (Doc. 16 at 5, 8, 9). Instead, Plaintiffs allege only that Dodson authorized the physical invasion and damage caused by others. Doc. 16 at 7–8). In fact, in their opposition to Dodson's motion to dismiss, Plaintiffs do not even address Count III and seem to have either abandoned this count as to Dodson or rested on the threadbare allegations in the First Amended Complaint. Either way, without a specific allegation that

Dodson entered their property, Plaintiffs cannot maintain a claim for statutory trespass against Dodson.

For these reasons, Count III will be dismissed as to Defendant Dodson.

### D. Count IV, Quiet Title and Declaratory Relief, will not be dismissed as to Dodson.

Plaintiffs have successfully stated a claim against Dodson in Count IV because they plausibly allege that they possess the disputed land either by deed or adverse possession. A disputed fact is not the same as a failure to allege sufficient facts, and actual proof is not required at the motion to dismiss stage. *See Zayed v. Associated Bank, N.A.*, 779 F.3d 727, 732–33 (8th Cir. 2015).

Dodson argues that, because the Eastern fence line is not sufficiently specific, she cannot effectively respond to Plaintiffs' claims. (Doc. 28 at 7–8). Part of Plaintiffs' allegations are that Dodson authorized the destruction of the boundary line that they now complain has been destroyed. *E.g.* (Doc. 16 at 5–8). Plaintiffs also allege that they can establish the precise boundary line when the time comes to present evidence. (Doc. 30 at 9).

Dodson's argument seems to be more of an evidentiary dispute, which the Court will not consider at this early stage of the litigation. Dodson's demand that Plaintiffs more precisely identify the disputed tract no doubt will be elucidated during discovery.

Taking all the factual allegations in the First Amended Complaint as true, the Court concludes that Plaintiffs have alleged sufficient facts to maintain an action for quiet title against Dodson. Therefore, Dodson's Motion to Dismiss will be denied as to Count IV.

**E. Count V, Nuisance, will be dismissed as to Dodson.**

Plaintiffs have failed to state a claim against Dodson as to Count V because they do not allege that Dodson created, controlled, or maintained the nuisance.

"Essential elements that are required for recovery on the basis of nuisance are injury, damage, and causation." *Bush v. City of Cottleville*, 411 S.W.3d 860, 866 (Mo. Ct. App. 2013). Causation in the nuisance context requires that the tortfeasor has created, controlled, or maintained the nuisance. *See Bellflower v. Pennise*, 548 F.2d 776, 778 (8th Cir. 1977). "Ordinarily, a landowner is not civilly liable for a nuisance caused or promoted by others over whom he has no control; nor is he bound to go to expense or litigation to abate such a nuisance." *Id.*

The nuisance complained of apparently is the damage to the land from construction of the sewer pipes and the smell from the leakage. (Doc. 16 at 16). Nowhere in the First Amended Complaint do Plaintiffs attribute this smell or the actual actions of constructing the sewer pipe to Dodson. Rather, the First Amended Complaint points to the actions of the other Defendants over whom Dodson had no control. *See Bellflower*, 548 F.2d at 778. Even if, as Plaintiffs claim, Dodson could be construed as the "but-for" cause of the nuisance, Dodson cannot be construed as the proximate cause of the nuisance based on the allegations in the First Amended Complaint. *See id.*

Count V will be dismissed as to Defendant Dodson.

**CONCLUSION**

In sum, Defendant PWS's Motion to Dismiss Counts I, III, and V (Doc. 3) as to Defendant PWS is **GRANTED**.

Defendant Dodson's Motions to Dismiss or For More Definite Statement and to Strike Plaintiffs' First Amended Petition (Docs. 18, 27) are **GRANTED IN PART** and **DENIED IN PART**. Count I is stricken in part only to the extent that it refers to Missouri trespass statute § 537.340 RSMo. and any statutory remedy. Count II is dismissed as to only Dodson because Dodson is a private party. Count III is dismissed as to Dodson because Plaintiffs do not allege that Dodson committed the necessary elements of statutory trespass. Count IV is not dismissed because Dodson's motion in this regard argues issues of fact inappropriate for a motion to dismiss under Rule 12(b)(6). Count V is dismissed as to Dodson because Plaintiffs fail to adequately plead nuisance against Dodson.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant PWS's Motion to Dismiss Counts I, III, and V, (Doc. 3), is **GRANTED** as to PWS.

**IT IS FURTHER ORDERED** that Defendant Dodson's Motions to Dismiss or For More Definite Statement and to Strike Plaintiffs' First Amended Petition, (Docs. 18, 27), are **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Counts I, III, and V are **DISMISSED** as to Defendant PWS. Count I is **STRICKEN IN PART**. Counts II, III, and V are **DISMISSED** as to Defendant Dodson.

Dated this 8th day of October 2026.

CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE